**United States District Court**
For the Northern District of California

1

2                                                                          **\*E-FILED 01-25-2011\***

3

4

5

6

7                                               NOT FOR CITATION

8                           IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                             SAN JOSE DIVISION

11    BERNICE JACOBS,                                     No. C10-04596 HRL

12              Plaintiff,                                **ORDER GRANTING DEFENDANTS'**
              v.                                          **MOTION TO DISMISS THE**
13                                                        **COMPLAINT WITH LEAVE TO**
      BANK OF AMERICA, N.A.; BAC HOME                     **AMEND**
14    LOAN SERVICING, LP; RECONTRUST
      COMPANY; FEDERAL NATIONAL
15    MORTGAGE ASSOCIATION, DOES 1-100,                   **[Re:  Docket No. 7]**

16              Defendants.
                                                   /
17

18          Plaintiff Bernice Jacobs sues for alleged statutory and common law violations in

19    connection with her home mortgage.  She filed a complaint in state court, asserting nine claims

20    for relief:  (1) Violation of California Civil Code § 2923.6; (2) Violation of California Business

21    & Professions Code § 17200; (3) Breach of Covenant of Good Faith and Fair Dealing;

22    (4) Injunctive Relief; (5) Violation of California Civil Code § 1572; (6) Fraud; (7) Declaratory

23    Relief; (8) Intentional Misrepresentation; and (9) Wrongful Foreclosure.  Defendants removed

24    the matter here, asserting diversity jurisdiction.

25          Pursuant to Fed. R. Civ. P. 12(b)(6), all defendants now move to dismiss the complaint

26    for failure to state a claim for relief.  Alternatively, defendants move to strike portions of the

27    complaint pursuant to Fed. R. Civ. P. 12(f).  Plaintiff opposes the motion.[1]  All parties have

28
      _____

            [1]      Plaintiff failed to timely oppose the motion.  The court subsequently granted
      her request for relief and re-set the briefing and hearing deadlines.

1  expressly consented that all proceedings in this matter may be heard and finally adjudicated by

2  the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.  Upon consideration of the moving and

3  responding papers, as well as the arguments of counsel, this court grants the motion and will

4  give plaintiff leave to amend some of her claims.

5                                              LEGAL STANDARD

6            A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

7  the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a

8  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

9  theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In such a

10 motion, all material allegations in the complaint must be taken as true and construed in the light

11 most favorable to the claimant.  *See Balistreri*, 901 F.2d at 699.  However, "[t]hreadbare recitals

12 of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

13 *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Morever, "the court is not required to accept

14 legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably

15 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th

16 Cir. 1994).

17           Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

18 claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

19 must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v.*

20 *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).  *See*

21 *also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

22 survives a motion to dismiss.").  However, a complaint attacked by a Rule 12(b)(6) motion to

23 dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is

24 not required to survive a motion to dismiss.  *Bell Atlantic Corp.*, 550 U.S. at 570.  Rather, the

25 complaint need only give "enough facts to state a claim to relief that is plausible on its face."

26 *Id*.

27

28

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

DISCUSSION

A.      Defendant Federal National Mortgage Association

Defendants move to dismiss Federal National Mortgage Association (Fannie Mae) on the ground that there is no allegation showing that Fannie Mae has any connection to this litigation.  Plaintiff does not oppose dismissal of this defendant.  Accordingly, Fannie Mae is dismissed with prejudice.

B.      Ability to Tender

As a threshold matter, defendants argue that all claims asserted in the complaint must be dismissed because plaintiff has not alleged tender of amounts required to cure her default.  Citing *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), plaintiff argues that she need not demonstrate her ability to tender the loan proceeds.  Plaintiff's reliance on *Yamamoto* is misplaced.  In the context of claims arising under the Truth in Lending Act (TILA), the Ninth Circuit has held that a district court may alter the statutory rescission procedures and has "discretion to condition rescission on tender by the borrower of the property he had received from the lender."  *Yamamoto*, 329 F.3d at 1171 (internal quotation marks and citation omitted).  District courts within the Ninth Circuit have adopted different understandings of *Yamamoto*; one line of cases reads it to require a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to dismiss, while another line holds that it does not.  *See Kakogui v. Amer. Brokers Conduit*, No. C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases).

Plaintiff has not, however, alleged a claim for relief under TILA; and, it is not clear, that flexibility with respect to the tender requirement is appropriate for claims under California law.  Indeed, "courts in California continually treat tender or at least the allegation of ability to do so as a necessary part of a valid claim for rescission of a contract."  *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp.2d 862, 880 (N.D. Cal. 2010).  Here, the complaint alleges only that "Plaintiff is willing, able, and ready to execute a *modification* of their loan on a reasonable basis."  (Complaint ¶ 95) (emphasis added).  She otherwise alleges that tender should be excused "by obstruction or prevention or imposition of unwarranted conditions by the person or

3

1   corporate entity to which it was to be made." (*Id*. ¶ 100).  The complaint further alleges that

2   defendants prevented plaintiff from offering tender by "evad[ing] the Plaintiff'[s] attempts to

3   provide tender," "manifest[ing] to the Plaintiff that tender, if made, will not be accepted," or

4   alternatively, waived their objection to lack of actual tender by their "refusal to receive the

5   money if produced." (*Id*. ¶¶ 102-103).  These are merely threadbare recitals supported only by

6   conclusory statements and do not survive dismissal. *Iqbal*, 129 S. Ct. at 1949.  Nowhere in the

7   complaint does plaintiff allege credible tender of the amount of the secured debt.  Accordingly,

8   defendants' motion to dismiss as to this issue is granted with leave to amend.[2]

9   C.      California Civil Code § 2923.6

10          Plaintiff alleges that defendants are obliged, under California Civil Code section 2923.6,

11  to modify her loan.  Defendants move to dismiss on the grounds that (a) there is no such

12  obligation under that statute; and (b) the statute does not, in any event, create a private right of

13  action.  Defendants appear to be correct as a matter of law. *See Mabry v. Super. Ct.*, 185 Cal.

14  App.4th 208, 110 Cal. Rptr.3d 201 (2010) (holding that "Section 2923.6 merely expresses the

15  *hope* that lenders will offer loan modifications on certain terms.").  Indeed, numerous district

16  courts have concluded that nothing in section 2923.6 requires defendants to modify loans or

17  creates a private right of action for borrowers. *See, e.g., Washington v. Nat'l City Mortgage*

18  *Co.*, No. C10-5402SBA, 2010 WL 5211506 *5 (N.D. Cal., Dec. 16, 2010) ("But even if [the

19  statute applied], § 2923.6 does not create a cause of action for borrowers"); *Owens v. Wells*

20  *Fargo Bank, N.A.*, No. C09-3354PJH, 2010 WL 424473 *2 (N.D. Cal., Jan. 27, 2010)

21  ("However, as defendant notes, section 2923.6 neither grants any right to a loan modification,

22  nor provides a private right of action to compel a loan modification or defend against

23  foreclosure."); *Reynoso v. Chase Home Finance*, No. C09-02190MEJ, 2009 WL 5069140 *4-5

24  (N.D. Cal., Dec. 17, 2009) (concluding that section 2923.6 does not impose a duty on lenders to

25  negotiate loan modifications or create a private right of action for purported violations of its

26

27          [2]      In her opposition, plaintiff also contends that the tender requirement should be
    excused because "Defendants caused the ruin of Plaintiff's credit" and that the defendants'
28  substitution of trustee is of questionable validity. (Opp. at 5). Suffice to say that these
    allegations do not appear in the complaint. Would such allegations—if proven—excuse
    tender?

4

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    provisions); *Farner v. Countrywide Home Loans*, No. 08cv2193, 2009 WL 189025 *2 (C.D.

2    Cal., Jan. 26, 2009) ("However, nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers

3    of loans to modify the terms of loans or creates a private right of action for borrowers.").

4    Plaintiff cites no authority to the contrary.[3]  This claim is dismissed without leave to amend.

5    D.     Breach of Covenant of Good Faith and Fair Dealing

6           The complaint alleges that defendants essentially owed plaintiff a duty of care—i.e., "to

7    safeguard, protect, or otherwise care for the rights and assets of Plaintiff."  (Complaint ¶ 112).

8           "[A]s a general rule, a financial institution owes no duty of care to a borrower when the

9    institution's involvement in the loan transaction does not exceed the scope of its conventional

10   role as a mere lender of money."  *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App.3d

11   1089, 1095, 283 Cal. Rptr. 53 (1991).  Courts have applied this rule to loan servicers.  *See, e.g.,*

12   *Hendrickson v. Popular Mortgage Servicing, Inc.*, No. C09-00472 CW, 2009 WL 1455491 *7

13   (N.D. Cal., May 21, 2009); *Marks v. Ocwen Loan Servicing, Inc.*, No. C07-02133 SI, 2009 WL

14   975792 *7 (N.D. Cal., Apr. 10, 2009).  Moreover, "[t]he trustee in a nonjudicial foreclosure is

15   not a true trustee with fiduciary duties, but rather a common agent for the trustor and

16   beneficiary."  *Pro Value Properties, Inc. v. Quality Loan Service Corp.*, 170 Cal. App.4th 579,

17   583, 88 Cal. Rptr.3d 381 (2009) (citing *Vournas v. Fidelity Nat. Title Ins. Co.*, 73 Cal. App.4th

18   668, 677, 86 Cal. Rptr.2d 490 (1999)).  "The scope and nature of the trustee's duties are

19   exclusively defined by the deed of trust and the governing statutes.  No other common law

20   duties exist."  *Id*.  Plaintiff has not alleged that defendants' involvement in the subject loan

21   transaction exceeded their conventional roles.  This claim is dismissed with leave to amend.

22   E.     Injunctive Relief

23          Plaintiff essentially seeks to enjoin defendants from foreclosing on her property on the

24   ground that they do not have physical possession of the promissory note.  (Complaint ¶118-

25   126).  "As courts have repeatedly emphasized, such a theory is 'unsupported and incorrect.'"

26   *Davenport*, 725 F. Supp.2d at 880 (quoting *Hafiz v. Greenpoint Mortgage Funding*, 652 F.

27

28          [3]     Inasmuch as plaintiff's claim is based on California Civil Code section
     2923.*6*, her argument that she has a private right of action under California Civil Code
     section 2923.*5* is beside the point.

United States District Court

For the Northern District of California

1  Supp.2d 1039, 1043 (N.D. Cal. 2009)).  "California law does not require possession of the note

2  as a precondition to non-judicial foreclosure under a deed of trust. . . . Moreover, the trustee

3  has the power and the duty to initiate foreclosure proceedings on the property upon the trustor's

4  default." *Id.* (internal quotations and citations omitted).  The facts alleged in the complaint do

5  not give rise to a cognizable legal claim.  In any event, injunctive relief is a form of relief rather

6  than an actual claim.  This claim is dismissed without leave to amend.[4]

7  F.        Actual Fraud (Cal. Civil Code § 1572); Common Law Fraud/Misrepresentation

8          A "party must state with particularity the circumstances constituting fraud or mistake."

9  FED. R. CIV. P. 9(b).  Allegations of fraud must be stated with "specificity including an

10  account of the 'time, place, and specific content of the false representations as well as the

11  identities of the parties to the misrepresentations.'"  *Swartz v. KPMG LLP*, 476 F.3d 756, 764

12  (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).  To

13  survive a motion to dismiss, "'allegations of fraud must be specific enough to give defendants

14  notice of the particular misconduct which is alleged to constitute the fraud charged so that they

15  can defend against the charge and not just deny that they have done anything wrong.'"  *Id.*

16  (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

17          The gist of plaintiff's fifth, sixth, and eighth claims for relief is that defendants

18  misrepresented or failed to disclose the true terms of the loan, and plaintiff was duped into

19  accepting a loan she could not afford.  Plaintiff alleges that some unknown person at Bank of

20  America told her that her credit rating was not good, and that this representation was false.

21  (Complaint ¶ 14).  Beyond that, and without distinguishing between defendants, the complaint

22  alleges only that each defendant "entered into a fraudulent scheme" and "falsely represented to

23  Plaintiff that she could not qualify for any other financing," all for the purpose of deceiving her

24

25

26  _____

27          [4]        In her opposition, plaintiff suggests that this claim essentially should be
evaluated under the standards applicable to a motion for temporary restraining order.  No
such motion has been brought before this court.  And, this court does not view plaintiff's
28  claim, buried within a rambling 47-page complaint, to be properly construed as such a
motion.

6

into entering a loan they knew she could not afford. (*Id*. ¶ 20).[5]  The court finds that the elements of fraud are not sufficiently alleged. *Bell Atlantic Corp*., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Defendants' motion to dismiss these claims is granted with leave to amend.

G.    Wrongful Foreclosure

Plaintiff alleges that defendants cannot legitimately proceed with foreclosure of the subject property because they (a) do not possess the promissory note; (b) did not record an assignment in violation of California Civil Code section 2932.5; and (c) failed to include a Declaration of Due Diligence with the Notice of Default, in violation of California Civil Code sections 2923.5 and 2924.

To the extent plaintiff's claim for wrongful foreclosure is based on her theory that defendants do not hold the promissory note, defendants' motion to dismiss is granted without leave to amend. As noted above, California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. *Davenport*, 725 F. Supp.2d at 880.

With respect to the alleged violation of California Civil Code § 2932.5, plaintiff claims that any power of sale in the deed of trust is invalid because defendant Bank of America failed to record the assignment of the deed of trust. (Complaint ¶¶ 178-179). However, "Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee. Trustees regularly foreclose on behalf of assignees for the original beneficiary." *Roque v. Suntrust Mortgage, Inc.*, No. C09-00040RMW, 2010 WL 546896 *3 (N.D. Cal., Feb. 10, 2010) (citing *In re Golden Plan of Cal., Inc.*, 829 F.2d 705, 708-11 (9th Cir. 1986)). Thus, to the extent

---

[5]    The complaint also alleges that an unknown employee of defendant Recontrust executed a "Notice of Default," which allegedly contained false representations—i.e., documents were not provided showing that Fannie Mae was the Beneficiary entitled to the loan payments. (Complaint ¶¶ 140-145). Inasmuch as plaintiff agrees that Fannie Mae should be dismissed from this action, this allegation does not save plaintiff's complaint from dismissal.

7

1  plaintiff's wrongful foreclosure claim relies on this theory, it is dismissed without leave to

2  amend.

3       As for the alleged failure to comply with the due diligence requirements of California

4  Civil Code section 2923.5, plaintiff's claim also fails.  That statute provides that a "mortgagee,

5  trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section

6  2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after

7  satisfying the due diligence requirements as described in subdivision (g)."  CAL. CIV. CODE §

8  2923.5(a)(1).  However, by its own terms, section 2923.5 applies "only to mortgages or deeds

9  of trust recorded from January 1, 2003 to December 31, 2007, inclusive, that are secured by

10  owner-occupied residential real property containing no more than four dwelling units."  *Id*.

11  §2923.5(h)(3)(i).  As alleged in the complaint itself (Complaint ¶ 147), and as plaintiff

12  acknowledged at oral argument, the loan transaction in question closed in January 2008—i.e.,

13  after the time period during which section 2923.5 applies.  To the extent plaintiff's wrongful

14  foreclosure claim is based on this statute, the claim is dismissed without leave to amend.

15       Non-judicial foreclosures are governed exclusively by California Civil Code section

16  2924-2924i.  *Roque*, 2010 WL 546896 at *3.  Here, plaintiff alleges that defendants failed to

17  comply with certain procedural requirements in violation of California Civil Code sections

18  2924b, 2924f, and 2924g—i.e., that defendants failed to timely mail the Notice of Default,

19  failed to timely publish the Notice of Sale, and failed to record the Notice of Sale.  However,

20  "[u]nder a claim for wrongful foreclosure, a plaintiff must allege a credible tender of the amount

21  of the secured debt to maintain any cause of action."  *Id*. (citing *Abdallah v. United Savings*

22  *Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (Ct.App.1996)).  "It is settled that an

23  action to set aside a trustee's sale for irregularities in sale, notice, or procedure should be

24  accompanied by an offer to pay the full amount of the debt for which the property was

25  security."  *Id*.  As discussed above, plaintiff has failed to do so.  Moreover, "[w]hen attacking a

26  non-judicial foreclosure sale, a borrower must overcome a presumption of propriety."

27  *Davenport*, 725 F. Supp.2d at 877 (citing *Knapp v. Doherty,* 123 Cal.App.4th 76, 86 n. 4, 20

28  Cal.Rptr.3d 1 (2004)).  "She may do this by proving an improper procedure occurred and by

United States District Court
For the Northern District of California

8

1   demonstrating resulting prejudice." *Id.*  The complaint's allegations suggest that Jacobs may

2   have had notice of the contents of the notice of default and notice of sale several months before

3   the notice of default was recorded.  (Complaint ¶¶ 12, 17, 146).]  Accordingly, her claim for

4   wrongful foreclosure under California Civil Code section 2924-2924i is dismissed with leave to

5   amend.

6   H.      Declaratory Relief

7           Jacobs challenges the "ownership rights and the validity of the commencement of the

8   foreclosure process" based on defendants' alleged fraudulent and predatory loan practices.

9   (Complaint ¶¶ 171-175).  Plaintiff, however, has not sufficiently pled any of her claims of

10  misconduct against defendants.  In any event, declaratory relief "is correctly understood as a

11  form of relief," rather than a separate claim.  *Davenport*, 725 F. Supp.2d at 880.  Accordingly,

12  this claim is dismissed without leave to amend.

13  I.      California Bus. & Prof. Code § 17200

14          California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or

15  fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

16  CAL. CIV. CODE § 17200.  "'Violation of almost any federal, state, or local law may serve as the

17  basis for a[n] unfair competition claim.'"  *Brewer v. Indymac Bank*, 609 F. Supp.2d 1104, 1122

18  (E.D. Cal. 2009) (quoting *Plascencia v. Lending 1st Mortgage*, 583 F. Supp.2d 1090, 1098

19  (N.D. Cal. 2008)).  "A complaint based on an unfair business practice may be predicated on a

20  single act; the statute does not require a pattern of unlawful conduct."  *Id.*  However, facts

21  supporting the statutory elements of the alleged violation must be stated with reasonable

22  particularity.  *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.Supp. 1303, 1316

23  (N.D.Cal. 1997).  Because all of plaintiff's underlying claims for relief are being dismissed,

24  plaintiff's UCL claim is dismissed with leave to amend.

25                                          ORDER

26          Based on the foregoing, defendants' motion to dismiss is granted.  The court need not

27  reach defendants' alternate motion to strike.  Plaintiff is given leave to amend in accordance

28

United States District Court
For the Northern District of California

1  with this order.  Any amended pleading shall be filed within 15 days from the date of this order.

2       SO ORDERED.

3  Dated:     January 25, 2011

4  _____
   HOWARD R. LLOYD
5  UNITED STATES MAGISTRATE JUDGE

**United States District Court**

For the Northern District of California

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

**United States District Court**

For the Northern District of California

1  5:10-cv-04596-HRL Notice has been electronically mailed to:

2  Deborah Anne Goldfarb      deborah.goldfarb@bryancave.com, kadac@bryancave.com

3  Melbourne Brady Weddle      MelbourneW@msn.com

4  Robert Alan Padway      robert.padway@bryancave.com, connie.lee@bryancave.com

5  Robert James Esposito      robert.esposito@bryancave.com, robert.esposito@bryancave.com

6  Counsel are responsible for distributing copies of this document to co-counsel who have not
   registered for e-filing under the court's CM/ECF program.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28